UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20CV1646 HEA |
| ) | |
| STATE OF MISSOURI DEPARTMENT OF ) | |
| MENTAL HEALTH, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented plaintiff Bobby Jones brings this civil action against the State of Missouri Department of Mental Health. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Furthermore, for the reasons discussed below, the Court will dismiss this action without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint and Supplemental Filing

Self-represented plaintiff brings this civil action against the State of Missouri Department of Mental Health. ECF No. 1 at 1-2. The parties appear to have a long history. According to plaintiff, the Department of Mental Health "and all the doctors" have "abused and lied on" plaintiff "all [of his] life" when they "took [his] freedom away" with their "use of false and untrue statement[s]" against him. *Id.* at 3-4. Plaintiff, who is now 63 years old, alleges that when he was around 10 to 12 years old, the State of Missouri "put [him] in the hospital." *Id.* at 5. Over his years of hospitalization, plaintiff asserts that he was abused and beaten, suffering all types of injuries from head to toe. Plaintiff states that he was in and out of the hospital over the years and he was "doped up on medicine." *Id.* Plaintiff alleges that the report used by defendant to keep plaintiff confined was based on a witness's "false and untrue statement." *Id.* For relief, plaintiff

seeks one million dollars and for the Court "to give [him] back [his] freedom after all these years." *Id.* at 4-5.

On December 9, 2020, plaintiff filed a supplemental pleading with the Court. ECF No. 4. In that pleading, plaintiff reiterates his claims about mistreatment while in state facilities. He describes an incident in 2018 where he was put in lockdown and lost phone privileges after a fellow patient attacked him. *Id.* at 1-2. He also complains about overmedication by the State and how he cannot stop taking his medication without risk of revocation of his conditional release. *Id.* at 2.

Plaintiff also continues his grievances about the Department of Mental Health in relation to his current living arrangement. Plaintiff complains that, despite not showing any signs of threat to himself or others, he is still under the supervision of the Missouri Department of Mental Health. Plaintiff's current situation, in his own words, is as follows:

> I was released from the state hospital and was put into a home, with a female worker. Its just me and her live here but am still under the Department of Mental Health. I can't go no where by myself if she can't see me in a line of site I can't go. I can only go outside in the yard. I can't go visit my family. I can't take a walk. Everywhere she go I have to go. I have no time to myself. Unless I am in the room she have to check on me every 2 hours. I have no one to talk to. I can't do anything at all, long as I am under the Department of Mental Health. I can't have but $60 a month [–] that no money to me. I can't even get a job. I can't even go talk to people, I have to stay at the house. She take me to all my appoints (yes) but if I have to go to the bathroom while I am out she have to stand at the door till I am done. The lady [seems like] she's a nice person but the rules from the Department of Mental Health. She have to follow, she told me, that's really [messed] up.

*Id.* at 3-4.

Subsequent to this description of his living situation, plaintiff states that he does go out on trips where everyone seems to enjoy being around him because he says things to make people smile. Also, plaintiff really enjoys writing songs and poems, singing, dancing, watching television, and doing yard cleanup work for free. *Id.* at 4.

According to plaintiff, he has changed because he doesn't "think that way no more;" he knows himself and that he is "not crazy;" and he understands "right from wrong." *Id.* at 4, 8. Plaintiff admits he was "real sick" when he committed crimes in the past and that he could not control his thoughts. However, now he sees that "life is good." *Id.* at 8. He wants "to live the rest of [his] life free … to see people and go places." *Id.* at 9.

## Background

A brief review of plaintiff's history with the State of Missouri's Department of Mental Health provides context for understanding his claims. The Court examined plaintiff's background in a case previously filed by plaintiff in this Court. *See Jones v. Vincenz*, No. 4:99-cv-1476-CEJ, ECF No. 18 (E.D. Mo. filed Sept. 20, 1999). In February 1992, plaintiff pled not guilty by reason of mental disease or defect to charges of first-degree and second-degree assault in Scott County, Missouri. Plaintiff was committed to the Department of Mental Health. *Id.* at 1. In April 1997, plaintiff was granted conditional release and was remanded to the custody of his stepfather. *Id.* at 1-2. However, in July 1997, his release was rescinded after an administrative revocation. *Id.* at 2. Over the subsequent years, plaintiff filed multiple applications for conditional release with the state of Missouri.

In September 2016, based on the recommendation of a psychiatrist who had been seeing plaintiff for almost five years, a Missouri state court entered a Judgment finding plaintiff totally incapacitated. *In re Bobby Jones*, No. 16MI-PR00050 (33rd Jud. Cir. Aug. 9, 2016). Plaintiff was represented by appointed counsel in the matter. The state court Judgment stated in part:

> Respondent is totally incapacitated and totally disabled by reason of Respondent's mental condition and is unable to care for his self and financial resources.
>
> By reason of Respondent's total incapacity and disability, it is necessary to appoint a guardian of Respondent's person and a conservator of Respondent's estate.

Following this decision, plaintiff filed multiple requests with the state court for revocation; however, it does not appear that plaintiff ever appealed the state court judgment. As of the date of this Order, plaintiff is still under the guardianship and conservatorship, as the state court recently approved an annual status report from the guardian/conservator in November 2020.

Over the years, plaintiff has filed multiple petitions for habeas corpus with this Court. In his habeas petitions, plaintiff claimed that he was being held unlawfully, against his will, and based on false statements. The Court dismissed multiple petitions for failure to exhaust state court remedies. *Id.* (dismissed Aug. 28, 2000); *Jones v. Vincenz*, No. 4:99-cv-579-CEJ (E.D. Mo. dismissed May 18, 1999); *Jones v. Vincenz*, No. 4:19-cv-1880-SPM (E.D. Mo. dismissed Sept. 10, 2019).

## Discussion

Plaintiff's complaint is subject to dismissal for multiple reasons. To the extent plaintiff seeks money damages, defendant State of Missouri Department of Mental Health is immune from liability under the Eleventh Amendment. To the extent plaintiff seeks release from state supervision, this federal court would have to overrule the decision and findings of the state court in order to grant such relief. This Court does not have appellate jurisdiction to review state court judgments. As such, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine to review such a claim. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. App. v. Feldman*, 460 U.S. 462 (1983).

First, states are immune from money damages under the Eleventh Amendment. Because the Department of Mental Health is a division of the state, it is protected by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has

been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal citation omitted)).

Second, this Court lacks jurisdiction to sit in review of a state court judgment.[1] To the extent plaintiff seeks an order from this Court invalidating the state court's finding of incapacitation and appointment of a guardian, this court lacks subject matter jurisdiction over such a claim under the *Rooker-Feldman* doctrine. "The basic theory of the *Rooker-Feldman* doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Dodson v. Univ. of Ark. for Med. Sci.*, 601 F.3d 750, 754 (8th Cir. 2010) (internal quotations omitted). The doctrine is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

---

[1] To the extent plaintiff's guardianship and conservatorship matter could be considered an ongoing state court matter because it is subject to annual reports, a request for this Court to dismiss, enjoin, or otherwise intervene in the ongoing state judicial proceeding would be barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Here, plaintiff sets forth no non-conclusory allegations tending to establish extraordinary circumstances that would justify interfering in his state court proceeding.

before the district court proceeding commenced." *Id.* Here, plaintiff seeks relief from a state court judgment. This federal court lacks jurisdiction to grant such relief.

Therefore, this case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant State of Missouri Department of Mental Health because the complaint fails to state a claim upon which relief may be granted and seeks monetary relief against a defendant who is immune from such relief. Plaintiff's claims against defendant State of Missouri Department of Mental Health are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 16th day of February, 2021.

 

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE